# Bonner *v.* The State.

*Carrying Concealed Pistol.*

(Decided April 4, 1912.   58 South. 679.)

*Carrying Concealed Weapons; Statute; Constitutionality.*—The statute making it unlawful to carry a concealed pistol on premises not one's own or under one's control, is not unconstitutional.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

William Bonner was convicted of carrying a concealed weapon, and he appeals.   Affirmed.

H. B. FULLER, and R. J. ARRINGTON, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MAR-TIN, Assistant Attorney General, for the State.   The demurrers were properly overruled, on the authority of *Vines v. The State,* 55 South. 1038; *Isaiah v. The State,* 58 South. 53.

DE GRAFFENRIED, J.—The only questions presented to us for our consideration go to the sufficiency of the second count of the indictment, which charges "that before the finding of this indictment William Bonner carried a pistol concealed about his person on premises not his own, or under his control, against the peace and dignity of the state of Alabama."

The defendant demurred to this count, upon the ground that the act under which the indictment was found was unconstitutional.   The act referred to is the act which was construed by the Supreme Court of Alabama in the cases of *Felix Vines v. State,* 58 South. 1038,

and *Jacob Isaiah v. State,* 58 South. 53, at the present term. Following the ruling of the Supreme Court in the above cases, this court holds that the action of the trial court in overruling the demurrer to the second count of the indictment was correct.

The judgment of the court below is affirmed.

Affirmed.

